**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LADONNA PARIS,

      Plaintiff-Appellant,

v.

SOUTHWESTERN BELL
TELEPHONE COMPANY, sued as:
Southwestern Bell Telephone,

      Defendant-Appellee.

No.  03-5079
(D.C. No. 01-CV-262-EA)
(N.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before  **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

---

In April 2001, LaDonna Paris filed suit against her former employer,

Southwestern Bell Telephone Company (SBTC) for racial discrimination, alleging

failure to promote and hostile work environment under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17 and the Civil Rights Act of

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

1866, 42 U.S.C. § 1981. She also alleged that SBTC conspired to deny her rights to equal protection under 42 U.S.C. § 1985(3). After extensive discovery, the district court granted summary judgment in favor of SBTC on all claims; Paris now appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and **AFFIRM** .

# I

We review a grant of summary judgment de novo, applying the same legal standard used by the district court. O'Shea v. Yellow Tech. Servs., Inc. , 185 F.3d 1093, 1096 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). In conducting our review, "[w]e must draw all inferences in favor of the party opposing summary judgment." O'Shea , 185 F.3d at 1096. When the issue on appeal is whether the plaintiff established a prima facie case of discrimination, "our role is simply to determine whether the evidence proffered by plaintiff would be sufficient, if believed by the ultimate factfinder, to sustain her claim." Foster v. AlliedSignal, Inc. , 293 F.3d 1187, 1195 (10th Cir. 2002).

**A**

Paris, an African American woman, alleges that SBTC discriminated against her because of her race by failing to promote her to management positions while promoting less-qualified Caucasian employees. To succeed on her failure-to-promote claim under either Title VII or § 1981, Paris initially must establish a prima facie case under the familiar three-step allocation of burdens of proof mandated by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To that end, she must demonstrate that: (1) she was a member of a protected class; (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled or remained available. Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000); see also Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 n.4 (10th Cir. 2000) ("A plaintiff who alleges discriminatory [treatment] on the basis of race pursuant to Title VII, 42 U.S.C. § 1983, or § 1981 would have to establish the same elements in order to make out a prima facie case under the McDonnell Douglas burden-shifting analysis.")

The district court granted summary judgment on the failure-to-promote claim in part because it was undisputed that: (1) SBTC offered Paris promotions to two different management positions on two separate occasions in 1999 and 2000, which Paris turned down because she did not think the two positions would

result in an immediate increase in pay, [1] and (2) both positions were subsequently filled by African-American employees.

On appeal, Paris does not dispute the truth of these two facts. Instead, she appears to claim that: (1) SBTC's promotion offers were shams because they would not increase her salary; (2) the district court erroneously cited and applied McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to the facts of this case because she presented direct evidence of discrimination; (3) the district court disregarded evidence relevant to her summary judgment motion; (4) the district court erred in relying on admissions made in her depositions and journal, which she characterizes as irrelevant and excludable hearsay "facts of testimony," (Appellant's Br. at 8); (5) the summary judgment provisions are "inextricably linked to Rule 8(a)'s simplified notice pleading standard," (id. at 14), and summary judgment should have been denied under the Rule 12(b)(6) standard that

---

[1] Paris admitted that, although the salary for the first management promotion offer was less than her salary in a non-management position, she had been informed that "with 100% performance, she would have been able to earn an additional $12-15,000/year in commissions, making the salary for this job higher than her salary at the time. [She] testified that she turned down the position because she believed that she would make less money because of the training involved in accepting this position and because she did not think she would immediately make sales." (Appellee App., Vol. I at 132.) Similarly, SBTC showed that Paris "declined a second promotion offered her to a first-line management training position . . . because it did not involve an increase in pay . . . . Because Plaintiff was already receiving [the maximum] 10% above her base pay . . . she could not receive a pay increase for this promotion" until she completed the six-month "acting" manager period. (Id. at 132-33.)

allows a court to dismiss a complaint only if it is clear that no relief could be granted under any set of facts; and (6) the district court erred in allowing SBTC to respond to her cross-motion for summary judgment, which she incorporated in her response brief to SBTC's motion for summary judgment.

Many of Paris's arguments display a misunderstanding of legal principles and the rules of procedure. For example, despite her arguments to the contrary: (1) a party's admissions are exceptions to the hearsay rules, see Fed. R. Evid. 801(d)(2), and may be used as summary judgment evidence; (2) Rule 8(a) and Rule 12(b)(6) standards do not apply to Rule 56 motions for summary; and (3) a party is always entitled to respond to a motion for summary judgment, even if it is made as part of the opposing party's response to a motion for summary judgment, see Fed. R. Civ. P. 56(c), (e); Torres v. First State Bank of Sierra County, 550 F.2d 1255, 1257 (10th Cir. 1977) ("The provisions of Rule 56(c) for notice to the opposing party and an opportunity for him to serve opposing affidavits are mandatory. Noncompliance therewith deprives the court of authority to grant summary judgment.") (citation omitted).

As to Paris's remaining claims, we cannot consider a promotion to a first-line management position offered to all qualifying employees a sham; evidence in the record indicates that such an offer would include higher retirement benefits and would constitute a promotion in status even if it did not immediately result in

a higher salary. Moreover, we agree with the district court that Paris presented no direct evidence of discrimination in this case. "A plaintiff in an employment discrimination case proves discrimination by direct evidence when she presents proof of an existing policy which itself constitutes discrimination," Tomsic v. State Farm Mut. Auto. Ins. Co ., 85 F.3d 1472, 1477 (10th Cir. 1996) (quotations omitted), or when she can show "oral or written statements on the part of a defendant showing a discriminatory motivation," Kendrick , 220 F.3d at 1225. SBTC's hiring policy is not discriminatory on its face, and there is no evidence of oral or written statements showing a discriminatory motive. See Mosley v. Pena, 100 F.3d 1515, 1519-20 (10th Cir. 1996) (discussing the difference between direct and indirect evidence of discrimination).

We are next told that the district court erred in granting summary judgment in light of facts demonstrating that Paris was never offered a management position in her office and statistical evidence showing an under-utilization of African Americans as managers in that department. These arguments, however, do not persuade us that Paris has established a prima facie case of failure-to-promote. Paris's own written testimony stated that she informed her supervisor when she requested a promotion to a management-type position that she preferred to be promoted to a position as a trainer—one of the positions she was offered but rejected. Even if statistical evidence existed that could support an inference of

-6-

intentional discrimination in Paris's case, [2] because Paris could not establish the third element of her prima facie case showing an adverse employment action, summary judgment was appropriate. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322. 322 (1986) (holding that summary judgment is appropriate against any party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

In short, Paris freely admits that she was offered two promotions to existing management positions for which she was qualified, both of which she rejected. We conclude, therefore, that she could not make a prima facie case demonstrating a failure to promote, and summary judgment was proper. See Amro, 232 F.3d at 798 (affirming grant of summary judgment because plaintiff failed to make prima facie showing that "there were actual positions for which he was qualified and which he was denied").

---

[2] To the contrary, we note that SBTC established through the testimony of other African American Service Representatives that they were asked whether they were interested in management positions, but they declined the opportunity to be considered.

**B**

To survive summary judgment on her racially-hostile-work-environment claim, Paris must demonstrate that a rational jury could conclude "that the workplace is permeated with discriminatory intimidation, ridicule, and insult[] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." O'Shea, 185 F.3d at 1097 (quotations omitted). This standard requires a showing of more than "a few isolated incidents of racial enmity." Trujillo v. Univ. of Colo. Health Sci. Ctr., 157 F.3d 1211, 1214 (10th Cir. 1998).

Our review of the record demonstrates that Paris's hostile-work-environment-claim is supported by isolated and ambigous statements at best. Those incidents cited do not rise to the level adequate to prevail, particularly when considered in the context of Paris's own description of her working conditions. For example, Paris admitted that she never heard her supervisors make any derogatory racial remarks, and that she had a cordial or professional relationship with all of them. She also testified that no one in her line of management ever made racially derogatory remarks. She admitted that her various managers gave her opportunities to develop her management/training skills and recommended her for promotion to management.

"Courts attempting to make the determination of whether the environment is hostile must examine all of the circumstances alleged, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Jones v. Barnhart, 349 F.3d 1260, 1268 (10th Cir. 2003) (quotation omitted). We agree with the district court that viewed in its totality and in the light most favorable to Paris, the evidence is insufficient for Paris's racially-hostile-work-environment claim to survive summary judgment. See Trujillo, 157 F.3d at 1214 (affirming summary judgment on basis that plaintiff's work-related complaints did not rise to level of actionable harassment). We therefore affirm the grant of summary judgment to SBTC on Paris's racially-hostile work environment claim.

## C

Paris also alleges that SBTC conspired to deny her rights to equal protection in violation of 42 U.S.C. § 1985(3). In its summary-judgment motion, SBTC argued that any § 1985 conspiracy claims alleged in Paris's complaint were not actionable because Paris admitted that "the same facts upon which her conspiracy claim is based are the same facts upon which she bases her claim for race discrimination under Title VII." (Appellee App., Vol. I at 153.) The district court granted summary judgment on Paris's conspiracy claim based on its

-9-

agreement with SBTC that "§ 1985 may not be used to redress violations of Title VII" under Great American Federal Savings & Loan Association v. Novotny, 442 U.S. 366, 378-79 (1979), and Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir. 1991). Paris v. Southwestern Bell Telephone, No. 01-CV-0262-EA(J), at 7 (N.D. Okla. filed April 16, 2003). On appeal, Paris asserts that the district court erred by failing to address her argument that she alleged § 1981 as the "proper substantive basis for the remedy provided by § 1985(3)." (Appellant's Br. at 17.)

We have never considered the question of whether § 1981 may form the substantive basis for violation of § 1985(3), but the Third Circuit, citing our opinion in Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993), has stated that "[t]he great weight of precedential authority . . . supports the traditional limitation of § 1985(3) to questions of interstate travel and involuntary servitude and does not suggest that §§ 1981 or 1982 claims in general may form the basis of a § 1985(3) action." Brown v. Philip Morris Inc., 250 F.3d 789, 806 (3d Cir. 2001). We need not reach the issue in the instant case, because we conclude that, even if the district court erred in failing to address Paris's argument that § 1981, and not Title VII, was the basis for her § 1985(3) claim, summary judgment was yet proper.

-10-

Section 1985(3) prohibits two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must show: (1) a conspiracy, motivated by racially-discriminatory animus; (2) to deprive plaintiff of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a deprivation of rights resulting therefrom. Tilton, 6 F.3d at 686. Like Paris's hostile-work-environment claim, this claim fails because Paris did not show sufficient facts demonstrating a racial, discriminatory animus on the part of her managers at SBTC. She did not present facts sufficient to show that her managers conspired against her because she is African American, [3] and she presented no evidence showing that Caucasian employees who were

[3] Paris alleged that her managers conspired to deny her equal protection under § 1981 and § 1985(3) by neglecting and refusing to recommend her for evaluation and testing for a management position; showing preference to less-qualified white counterparts; giving incorrect or no information concerning management promotional policies; "utilizing flawed discriminatory policies and procedures" to deny her promotion opportunities; offering her management positions constituting a reduction in her compensation; and fostering racial animus by singling out Paris and "continually violating her rights under the CWA Collective Bargaining Agreement." (Appellee App., Vol. I at 488-89.)

-11-

similarly situated were treated more favorably than she was treated. [4] We therefore affirm summary judgment on Paris's § 1985(3) claim.

**D**

As for Paris's remaining claims, she faults the district court for failing to address a retaliation claim; however, a review of her complaint shows that she did not allege facts demonstrating retaliation. She also claims that the court failed to address her § 1981 claims, but the district court's order mentioned her § 1981 claims on the first, fifth, and seventh pages of the order, and concluded that SBTC was entitled to summary judgment on "all of [Paris's] claims" because it was undisputed that she was offered two management positions and because she

---

[4] Paris claims that, between November 1998, when she first expressed interest in promotion to a management position, and December 1999, when she was offered her first promotion, Caucasian employees promoted to manager were not required to take and pass a management test that she was told she had to pass in order to be promoted. However, the record reveals that named employees, with the exception of one outside hire, all took and passed the management test before being promoted. Paris also claims that other managers were offered more money than she earned. But the record shows that no one promoted into the last position Paris rejected was offered an increase over base salary greater than the maximum ten percent increase Paris was offered pursuant to company policy. Moreover, the African American woman who accepted the position was given the maximum increase while all others promoted during that period received less than a ten percent increase.

-12-

had not presented evidence of pervasive or severe racial harassment. See Paris v. Southwestern Bell Telephone, No. 01-CV-0262-EA(J) at 1, 5, 7, 8 (N.D. Okla. filed April 16, 2003).

The same is true for Paris's argument that the district court erred in denying her motion to amend her complaint to add a claim for constructive discharge nine months after the cutoff date in the district court's scheduling order. In denying the motion to amend, the district court noted Paris's failure to show good cause under Fed. R. Civ. P. 16(b) for allowing an amendment out of time, and her failure to file an EEOC charge to exhaust her administrative remedies on the constructive discharge claim, which was not reasonably related to her original charges of discrimination based upon a failure to promote.

"[W]e review a district court's refusal to modify a scheduling order for abuse of discretion." Burks v. Okla. Pub. Co., 81 F.3d 975, 978 (10th Cir. 1996). On appeal, Paris argues that the court erred by not applying Fed. R. Civ. P. 15(a)'s standards, and that this court should simply forgive what she characterizes as "negligence of her previous attorneys." (Appellant's Br. at 41-43.) Rule 15(a) does not apply under the circumstances, and we conclude that the court did not abuse its discretion in denying the motion to amend. See Burks, 81 F.3d at 978-79.

**II**

Paris's motion to supplement the record on appeal with SBTC's confidential affirmative action program is **DENIED** . The request to seal the record is **GRANTED** as to the confidential documents submitted with her motion to supplement. All other outstanding motions, including motions for sanctions and attorneys fees are **DENIED** .

The judgment is **AFFIRMED** .

Entered for the Court

Carlos F. Lucero
Circuit Judge