United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

**04-10666**
**Summary Calendar**

**SOLOMON TEFFERA,**

**Plaintiff-Appellant,**

**versus**

**NORTH TEXAS TOLLWAY AUTHORITY,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:02-CV-1525-K)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Solomon Teffera appeals the summary judgment awarded his employer, North Texas Toll Authority (NTTA). Teffera claimed NTTA violated Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 621 *et seq.* (Title VII), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and 42 U.S.C. § 1981.

Teffera worked as a vault handler for NTTA in the toll collection department. NTTA promulgated employee policies and procedures in its employee manual, and Teffera signed for, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received, a copy of it. The unauthorized leave without pay policy (the Policy), as published in the employee manual, stated: an employee in the toll department would be dismissed if he violated the Policy three times in a 12-month period. Teffera violated the Policy twice and received two warnings; he was fired upon his third violation in a year.

Teffera, a black male of Ethiopian origin, sued NTTA for racial and national origin discrimination under Title VII, racial discrimination in the workplace under § 1981, and discrimination in violation of the ADA. In granting summary judgment, the district court held: Teffera could not establish a prima facie case of discrimination under Title VII because he did not show his termination was as a result of his race or national origin; no adverse actions against Teffera amounted to actionable discrimination under Title VII; he could not show he was disabled for ADA purposes, or that NTTA fired him because it regarded him as disabled; Teffera did not establish that he suffered an adverse employment action based on a disability; he could not establish a prima facie case for § 1981 discrimination because those elements are identical to the prima facie elements of a Title VII claim, which he did not successfully present; and there was no evidence NTTA terminated Teffera in retaliation for his seeking reasonable alternate accommodations.

We review a summary judgment *de novo*, applying the same standards as the district court. **Mayo v. Hartford Life Ins. Co.**, 354 F.3d 400, 403 (5th Cir. 2004). Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). The evidence is viewed in the light most favorable to the nonmovant. *E.g.*, **Coleman v. Houston Indep. Sch. Dist.**, 113 F.3d 528, 533 (5th Cir. 1997).

Teffera presents four issues: (1) his deposition testimony offered by NTTA as summary judgment evidence is insufficient for that purpose; (2) the district court erroneously found he did not properly bring his Title VII retaliation claim to the notice of the Equal Employment Opportunity Commission (EEOC); (3) the district court improperly dismissed that retaliation claim because NTTA's reasons for firing him were mere pretexts for masking retaliation, and; (4) the district court should not have dismissed his ADA retaliation claim because he was terminated in retaliation for requesting a reasonable accommodation. (Teffera does not contest the other bases for the summary judgment. Issues not raised or argued on appeal are waived. *E.g.*, **United Paperworkers Int'l. Union, AFL-CIO, CLC v. Champion Int'l. Corp.**, 908 F.2d 1252 (5th Cir. 1990).)

Teffera's contention that his deposition was defective and therefore cannot serve as summary judgment evidence is meritless.

3

The NTTA began to depose Teffera in May 2003 and, at the end of the day, recessed the deposition until that September. The day before the deposition was to resume, NTTA informed Teffera's attorney it wished not to continue the deposition. As he did in district court, Teffera contends this cancellation violated FED. R. CIV. P. 30(c) because it prevented his lawyer from examining him and clarifying key components of this case. Although other courts have found the unilateral termination of a deposition *by the lawyer of the party being deposed* may violate Rule 30(c), *see* **Johnson v. Wayne Manor Apartments**, 152 F.R.D. 56 (E.D. Pa. 1993), such termination *by the party deposing the witness* is within that party's discretion and does not render the deposition testimony defective. Needless to say, Teffera's lawyer could have requested the deposition continue, but did not.

The rest of Teffera's issues on appeal concern his retaliation claims under Title VII and the ADA. Teffera first claims the district court erred in finding he did not properly present Title VII retaliation claims to the EEOC. "[T]he filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action under Title VII." **Sanchez v. Standard Brands, Inc.**, 431 F.2d 455, 460 (5th Cir. 1970). Although Teffera checked "retaliation" on the *pre-charge EEOC form*, he did *not* do so on the EEOC charge; there, he referenced only discrimination because of national origin. The district court correctly dismissed

4

Teffera's Title VII retaliation claim for not exhausting it with the EEOC.

Teffera's two ADA retaliation claims fail because he presented no supporting evidence in district court. Teffera charges NTTA with falsifying facts supporting the citations they issued him under the Policy. He claims there is a genuine issue of material fact on whether NTTA's reasons for firing him were mere pretexts for retaliation for his requesting a transfer to another plaza, to work under a different supervisor.

To establish a prima facie case of retaliation, a plaintiff must prove: (1) he engaged in an activity protected by the ADA; (2) he was subjected to an adverse employment action; and (3) a causal connection existed between his participation in the protected activity and the adverse employment action. *E.g.*, **Seaman v. CSPH, Inc.**, 179 F.3d 297, 301 (5th Cir. 1999). Assuming, *arguendo*, that merely filing a form requesting accommodation is protected activity under the ADA, Teffera's "pretext" charges nevertheless fail for lack of a causal connection between such protected activity and his termination.

The first two citations against Teffera were filed on 25 July and 29 August 2000, *before* he submitted a 15 January 2001 letter requesting a transfer. The fact that the third citation, which triggered his termination under the Policy, was issued after his transfer request does not create a material fact issue on whether

5

NTTA fired him in retaliation for this request. Each of the citations against Teffera is supported by the Policy; and, while on the whole they may evince NTTA's disinclination to exercise discretion in Teffera's favor, this does not rise to the level of retaliation.

*AFFIRMED*