United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50098
Summary Calendar

TIMOTHY L CARTER

                    Plaintiff - Appellant

        v.

RMH TELESERVICES, INC

                    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-1130

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-appellant Timothy Carter appeals the district

court's orders granting defendant-appellee RMH Teleservices,

Inc.'s motion for partial dismissal and motion for summary

judgment.  For the reasons stated, we AFFIRM.

### I. FACTUAL AND PROCEDURAL BACKGROUND

        This case involves a dispute between plaintiff-appellant

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

Timothy L. Carter and his former employer RMH Teleservices, Inc. ("RMH"). Carter worked as a customer service representative for RMH for thirty-two months, when he was suspended for being unprofessional to a customer. Three days later, Carter resigned voluntarily.

Before Carter resigned, his supervisors had given him a final warning for poor performance, unprofessional conduct, and chronic absenteeism and had informed him that he could not take further calls until he attended mandatory professionalism training. Carter resigned rather than attend the training. Carter's disciplinary history includes at least nine write-ups during his employment at RMH.

More than a month before he resigned, Carter filed a charge of discrimination against RMH with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). Carter later amended his charge of discrimination to include an allegation that RMH retaliated against him because of his charge.

The EEOC closed its file on Carter's charge because it was "unable to conclude that the information obtained establishes violations of the statutes." Carter then filed suit against RMH for alleged violations of Title VII, 42 U.S.C. § 2000e, et seq., the Employment Retirement Income Security Act ("ERISA"), 9 U.S.C. § 1140; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. Carter later amended his

2

complaint to allege state and federal constitutional claims.

The district court granted RMH's motion to dismiss Carter's Title VII race claim, ERISA claim, and constitutional claims. The ADA and ADEA claims remained. RMH later moved for summary judgment on Carter's remaining claims. The district court granted RMH's motion for summary judgment and entered final judgment dismissing Carter's suit and denying all pending motions. Carter now appeals both the partial dismissal and the grant of summary judgment.

## II. Rule 12(b)(6) DISMISSAL

### A.    Standard of Review

This court reviews de novo the grant of a motion to dismiss under Rule 12(b)(6). Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (citing Gregson v. Zurich Am. Ins. Co., 322 F.3d 883, 885 (5th Cir. 2003)). We "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)). "[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." Id. (citing Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996)). "Dismissal is proper if the complaint

3

lacks an allegation regarding a required element necessary to obtain relief . . . ." Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006) (omission in original) (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

**B. Analysis**

Carter contends that the district court's dismissal of his ERISA claim was improper because he needed more time for discovery.[1] Discovery would not have benefitted Carter because the review of a motion to dismiss for failure to state a claim is limited to the complaint and does not look at the evidence.[2] See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). Therefore, we review Carter's complaint to determine whether it states a claim for discrimination under § 510 of ERISA.

If we "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," Jones, 188 F.3d at 324, Carter's complaint only states that RMH had to modify its 401(k) plan in order to preserve its tax-qualified status and

---

[1] RMH argues that Carter's appeal of the order granting RMH's partial motion to dismiss is time-barred because Carter did not file a notice of appeal within thirty days of the order. That is not the case. Because an interlocutory appeal was not available here, the final judgment rule required Carter to wait to file the notice of appeal until the court entered a final judgment disposing of all claims in the case. See 28 U.S.C. § 1291. Carter timely filed a notice of appeal, within thirty days of the final judgment in this case. See FED. R. APP. 4(a)

[2] Although district court's order used Rule 56 language with regard to the ERISA claim, the district court misdescribed its action, that is to review the motion under Rule 12(b)(6). Because no party had as yet filed matters related to the ERISA claim outside the pleadings, this order cannot be treated as a Rule 56 summary judgment. See FED. R. CIV. P. 12(b).

4

that as a result all telephone service representatives cannot participate in the plan. Carter's complaint does not state a cognizable claim under ERISA because he does not allege that RMH specifically retaliated against him by terminating his 401(k) contributions or that RMH interfered with his right to receive pension benefits. See 29 U.S.C. § 1140.

Carter contends that the district court's dismissal of his Title VII race claim was improper because he was not required to exhaust all administrative remedies before filing suit. We agree with the dismissal for the reasons stated by the district court. Carter failed to raise his race discrimination claim in the EEOC charge with the specificity required to exhaust administrative remedies and satisfy that condition precedent to a civil action under Title VII. See Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970); Teffera v. N. Texas Tollway Auth., 121 F. App'x. 18, 21 (5th Cir. 2004) (per curiam) (unpublished).

Carter also contends that because EEOC employees misled him about his rights, under National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), his Title VII claims should be tolled rather than dismissed. However, that case held that the time period for filing a charge is subject to equitable doctrines, which is not the issue here. See id.

### III. Grant of Summary Judgment

**A.    Standard of Review**

Summary judgment is reviewed de novo, under the same standards used by the district court to determine whether summary judgment is appropriate in the first instance. Riverwood Intern Corp. v. Employers Ins. of Wausau, 420 F.3d 378, 382 (5th Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue of any material fact" and the moving party is "entitled to judgment as a matter of law." Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States, 832 F.2d 1358, 1364 (5th Cir. 1987); FED. R. CIV. P. 56(c).

Once the moving party establishes that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986). The nonmoving party cannot satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

**B.  Analysis**

Carter first contends that the district court's grant of summary judgment against him was improper because the complaint complied with FED. R. CIV. P. 8(a). Carter incorrectly posits that compliance with Rule 8 precludes summary judgment under Rule

56(c).[3]  Rule 8(a) standards do not apply to Rule 56 motions for summary judgment.  See Sw. Bell Tel. Co., No. 03-5079, 2004 WL 790299, at *2 (10th Cir. 2004).  The purpose of Rule 8(a) is to focus litigation on the merits of a claim.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues to dispose of unmeritorious claims."  Id. at 512.  Rule 56, on the other hand, focuses on the evidence, not the adequacy of the pleading.  FED. R. CIV. P. 56.  Thus, even though Carter complied with the formal pleading requirements, summary judgment was nevertheless proper because Carter did not produce evidence of a genuine issue of material fact.

Carter next asserts that summary judgment was improper because the district court "abused its discretion by failing to address [his] retaliation claims."[4]  To the contrary, the district court's order granting RMH's motion for summary judgment analyzes the record evidence and concludes that Carter's affidavit was not "sufficient evidence to raise a genuine issue

---

[3] Carter also contends that the district court should only have applied Rule 8(a) and not Rule 56 because summary judgment was impossible as no depositions, answers to interrogatories, or admissions were on file.  Rule 56 has not been interpreted as requiring parties to engage in each type of discovery prior to summary judgment.  See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990) ("Rule 56 does not require that any discovery take place before summary judgment can be granted.").

[4] Carter incorrectly concludes that an abuse of discretion is the standard of review for summary judgment.

of material fact" to overcome RMH's legitimate, nondiscriminatory reasons for its employment decisions.  After a de novo review of the record, we hold that the district court properly granted summary judgment for RMH because Carter could not rebut RMH's legitimate, nondiscriminatory reasons for its employment actions.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.