# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60582
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2017

Lyle W. Cayce
Clerk

HARVEY ANDERSON,

      Plaintiff–Appellant,

v.

VENTURE EXPRESS,

      Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-231

Before REAVELY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Harvey Anderson appeals the district court's grant of summary judgment in favor of Venture Express (Venture) and the accompanying dismissal of Anderson's discrimination and retaliation claims. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60582

## I

It is well established that "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[1] When the moving party demonstrates the absence of a genuine issue of material fact as to an essential element of the case, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[2] "We review the grant of a motion for summary judgment de novo,"[3] viewing the facts in the light most favorable to the nonmovant.[4]

## II

We note that Anderson has repeatedly failed to point the court to any evidence that would support his claims of discrimination.[5] However, given his *pro se* status, this court has attempted to consider all competent record evidence in reviewing the grant of summary judgment.[6]

Venture employed Anderson, an African-American male who was fifty-nine years old when terminated, as a truck driver. During the course of his employment, Venture counseled Anderson multiple times and suspended him for log violations, insubordination, and related issues. He also received a

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* FED. R. CIV. P. 56(c).

[2] *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

[3] *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).

[4] *Id.*

[5] *See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (noting that "the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim" and that the court is not required "to search the record for material fact issues").

[6] *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (noting that though the court "liberally construe[s] briefs of *pro se* litigants and appl[ies] less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *pro se* litigants must still "reasonably comply with the standards of Rule 28").

citation from the Alabama Department of Transportation for a violation of driver hours-of-service regulations.[7]　Anderson disputed some of the log violations, negative reviews, and comments he received.　Venture ultimately terminated Anderson's employment, citing continued log-related issues and insubordination.　Anderson subsequently filed a complaint with the EEOC, alleging discrimination based on age and race, and obtained a right to sue letter from the EEOC.

Anderson brought suit in federal court against Venture and various individuals, alleging discrimination under Title VII.[8]　In a two sentence statement of the facts, he asserted that "[t]he firing was a conspiracy by all five parties involved because I would not agree to some violations that had not occured [sic].　This was wrongful termination, discrimination, retaliation, failure to comply with D.O.T. rules and regulations and company rules."　Anderson subsequently dismissed all defendants except Venture.　Venture moved for summary judgment, asserting that because Anderson failed to answer written requests for admission, the requested admissions should be deemed admitted, admissions which established that Anderson had no discrimination claim.　Venture also argued that the record conclusively showed that Anderson was fired for "repeated company policy violations, not because of his race or his age."　The district court construed Anderson's complaint and other filings as charging retaliation and discrimination based on race and age. It granted Venture's motion for summary judgment and dismissed Anderson's claims.　Anderson timely appealed and now argues that the violations he

---

[7] *See* 49 C.F.R. § 395.3(a)(2) ("A driver may drive only during a period of 14 consecutive hours after coming on duty following 10 consecutive hours off duty.　The driver may not drive after the end of the 14–consecutive-hour period without first taking 10 consecutive hours off duty.").

[8] Anderson's civil cover sheet listed causes of action based on "Employment," "Fair Labor Standards Act," "Other Civil Rights," and "EPA."

allegedly committed were not, in fact, violations of the law, that Venture did not show he was unqualified for his position, and that Venture's own actions were in violation of the law.

### III

We first address Anderson's race discrimination claim. Title VII protects individuals from discrimination by an employer based on the "individual's race, color, religion, sex, or national origin."[9] For a race-based claim, a plaintiff in a Title VII action must "establish[] a prima facie case of racial discrimination."[10] A prima facie case requires a showing that the plaintiff (1) is a member of a protected class, (2) was qualified for the position at issue, (3) was the subject of an adverse employment action, and (4) was treated less favorably than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.[11]

If a plaintiff makes a prima facie case, then the defendant must provide a legitimate, nondiscriminatory reason for the complained-of action.[12] If the defendant meets this burden, "the onus shifts back to the plaintiff" to provide substantial evidence that the given reason is merely pretext or that the stated reason "is only one of the reasons . . . and another 'motivating factor' is the plaintiff's protected characteristic."[13] "[C]onclusory allegations, speculation, and unsubstantiated assertions," without more, are insufficient to satisfy the nonmovant's burden at the summary judgment stage.[14]

---

[9] 42 U.S.C. § 2000e-2(a)(1).

[10] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[11] *Paske v. Fitzgerald*, 785 F.3d 977, 985 (5th Cir. 2015).

[12] *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013).

[13] *Id.* (quoting *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011)); *accord Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402-03 (5th Cir. 2001).

[14] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

No. 16-60582

Our review of the record reveals no competent summary judgment evidence suggesting that Anderson was treated less favorably than other employees who were not members of a protected class, nor does it reveal that he was replaced by someone outside his protected class. Venture provided an uncontested affidavit showing that Anderson was replaced by a forty-six-year-old African-American male. Anderson fails to offer any evidence that similarly situated non-African-Americans received more favorable treatment. His EEOC charge identifies two "younger Whites who have committed violations . . . [and] have not been disciplined or discharged." However, the record shows that Venture terminated one of these individuals for log violations prior to Anderson, undermining Anderson's claim that this individual received more favorable treatment, and that the other individual, described by Anderson only as "Mack (LNU)," has yet to be identified in the course of this litigation. Further, Venture provided a list of at least six other Caucasian individuals who were terminated for log violations between 2011 and 2013. Anderson has failed to identify any similarly situated members outside his protected class who were treated more favorably than he. Because Anderson has failed to make out a prima facie case of discrimination, summary judgment in favor of Venture was proper.

**IV**

The district court did not err in dismissing Anderson's retaliation claims. Anderson failed to exhaust his administrative remedies by failing to include the retaliation claim in his EEOC charge, either by checking the box or describing retaliation. While a cause of action may be based on "any kind of discrimination like or related to the charge's allegations" it is "limited . . . by the scope of the EEOC investigation that could reasonably be expected to grow

out of the initial charges."[15]  Given that Anderson filed his EEOC charge after his termination, an investigation into retaliation could not be reasonably expected to grow out of the initial EEOC charge.  Therefore, his failure to allege retaliation in his EEOC charge supports dismissal of this claim for failure to exhaust administrative remedies.[16]

## V

Finally, we address Anderson's age discrimination claim.  Though Anderson's complaint does not reference age discrimination, his EEOC charge and some subsequent filings reference age as a potential basis for termination. Given Anderson's *pro se* status, we address his claim, and we affirm the district court's dismissal.

Under the Age Discrimination in Employment Act (ADEA), an employer may not "discharge any individual . . . because of such individual's age."[17]  A prima facie case of age discrimination requires the plaintiff to show that

> (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.[18]

---

[15] *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quoting *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)).

[16] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (explaining that "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court"); *see also Teffera v. N. Tex. Tollway Auth.*, 121 F. App'x 18, 21 (5th Cir. 2004) (per curiam) (affirming dismissal of retaliation claim when plaintiff checked retaliation box only on the EEOC intake form but not on the EEOC charge); *Luna v. Lockheed Martin Corp.*, 54 F. App'x 404, *1 (5th Cir. 2002) (per curiam) (holding that when plaintiff failed to check the national origin box on his EEOC charge, plaintiff failed to exhaust administrative remedies, and thus the court had no jurisdiction to consider the claim).

[17] 29 U.S.C. § 623(a).

[18] *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)).

No. 16-60582

"[T]he burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action" remains always on the plaintiff.[19]

Anderson's briefing before this court focuses on the fact that he was not unqualified because he should not have received any log violations. But this court's inquiry concerns whether the termination was the result of discrimination—not the correctness of the employer's decision. Anderson wholly fails to present any legal arguments or record evidence that would support his ADEA claim. Assuming the claim is not waived for inadequate briefing,[20] we find no evidence in the record before us to support any causal connection between Anderson's termination and his age. Given the numerous warnings and violations Anderson incurred, he cannot show that his age was the "but-for" cause of his termination,[21] and dismissal was appropriate.

## VI

We do not doubt the sincerity of Anderson's belief that the violations for which he was terminated were not violations of the law. However, our inquiry is limited to whether Anderson's employer illegally discriminated or retaliated against him, and he has not pointed to any specific facts showing there is any genuine issue for trial. Summary judgment in favor of Venture was appropriate.

\*　　\*　　\*

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[19] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009); *see also id.* at 173-75 (contrasting this requirement with the *Price Waterhouse* burden shifting framework applied in "mixed-motive" Title VII claims).

[20] *See* FED. R. APP. P. 28(a)(8)(A) (requiring that the appellant's argument contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (explaining that a party abandons arguments by failing to argue them in briefing).

[21] *See Gross*, 557 U.S. at 177-78.