United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2007

Charles R. Fulbruge III
Clerk

**REVISED MARCH 30, 2007**
*In The United States Court Of Appeals*

*For The Fifth Circuit*

No. 06-50035
Summary Calendar

DARREL M. CRUZ, for himself and on Behalf of Ralph Cruz' Estate; AUDREY ANN CRUZ; ANDREW CRUZ,

Plaintiffs - Appellants,

v.

ARAMARK SERVICES, INC.,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Texas
No. 3:02-CV-00583

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ralph Cruz, a 61-year-old male with HIV/AIDS, was terminated from his position at Aramark after he violated company policy by approving overtime pay for an employee who did not actually work the hours for which he was paid. Plaintiffs assert that Aramark's stated reason for Cruz's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

termination is pretext, and he was actually terminated because of his age and disability. The district court granted Aramark's motion for summary judgment. We affirm.

Aramark hired Cruz in 1991 as a Food Services Director. In 1993, he was transferred to work at the Zenith plant in Juarez, Mexico. In 1996, Cruz was diagnosed with AIDS, and Aramark subsequently transferred Cruz to El Paso, Texas. Cruz later accepted a 50% reduction in pay and a transfer back to Juarez, Mexico, where he was assigned to the cafeteria at Baxter Convertible. While at Baxter, Cruz approved payment for overtime hours not actually worked by an employee, Cesar Delgado. Delgado had received a raise but had not received the pay increase resulting from the raise because of processing delays. Aramark claims that Cruz's authorization of the payment to Delgado violated company policy, and it terminated Cruz's employment on November 14, 1997.

Cruz filed a charge of age and disability discrimination with the EEOC on December 2, 1997. The EEOC concluded that the evidence obtained during the investigation established violations of the ADA and the ADEA. After attempts at informal conciliation failed, the EEOC terminated its processing of the charge and issued a notice of right to sue on October 3, 2002. In the five years between Cruz's filing of his EEOC charge and the ultimate notice of right to sue, Cruz died and numerous witnesses resigned, had their employment terminated, or were laid off. The plaintiffs, Cruz's descendants, filed their complaint in the Western District of Texas on December 20, 2002. The complaint stated causes of action for violations of the ADA and the ADEA, as well as intentional infliction of emotional distress and violations of ERISA. The defendant moved for summary judgment as to all claims, and the district court granted the defendant's motion. The intentional infliction of emotional distress and ERISA claims are not on appeal.

2

Prior to entering judgment, the district court gave the plaintiffs an additional thirty days to supplement the record with competent summary judgment evidence. The plaintiffs supplemented the record with additional statements, letters, deposition testimony, and the EEOC determination report. The district court rejected most of this evidence as inadmissible and concluded that the admissible evidence did not establish a fact question. In particular, the district court rejected as inadmissible a signed declaration from Raul Echavarria, Cruz's supervisor at Baxter. The statement was written in English, and Echavarria only speaks Spanish. The district court therefore deemed this statement hearsay and refused to consider it as competent summary judgment evidence. The court gave the plaintiff an additional seven days to present a signed affidavit in Spanish. The plaintiffs failed to submit the Spanish affidavit, and the district court entered judgment for the defendants. Plaintiffs appeal.

I

The plaintiffs appeal two of the district court's primary evidentiary determinations. We review a district court's evidentiary determinations under an abuse of discretion standard.[1] In their response to Aramark's summary judgment motion, the plaintiffs relied on various letters and witness statements in the EEOC file. The district court excluded these letters and statements because they were unsworn and thus did not meet the requirements of Federal Rule of Civil Procedure 56.

The plaintiffs argue the district court erred in not considering this evidence. They first argue that the statements were admissible under *Smith v. Universal Services, Inc.*[2] *Smith* held that an EEOC investigative report, which consisted of a brief review of the facts developed in the EEOC's

---

[1] *See Curtis v. M&S Petroleum*, 174 F.3d 661, 667 (5th Cir. 1999).

[2] 454 F.2d 154 (5th Cir. 1972).

3

investigation and the EEOC's finding of probable cause, was admissible.[3] The plaintiff's reliance on *Smith* is misplaced. While the EEOC report is admissible, it "is in no sense binding on the district court and is to be given no more weight than any other testimony given at trial."[4] Moreover, neither under our precedents nor under Federal Rule of Evidence 803(8)(C)[5] is the entire EEOC file admissible.[6] Rather, the individual evidence contained in the file must be admissible on its own grounds.[7]

The letters from the EEOC file cannot be used to defeat summary judgment because they are unauthenticated, they are not in the form of an affidavit, and they do not indicate that they are "made on personal knowledge" as required by Federal Rule of Civil Procedure 56(e).[8] Similarly, the unsworn statements in the EEOC file are likewise not competent summary judgment evidence. One statement, attributed to Ana Solano, is merely the EEOC investigator's notes from a conversation with Solano, and it contains no affirmative indication that Solano swore to a statement that was based on personal knowledge.[9] Another "statement" from Octavio Gildo is actually an unsigned document prepared by the EEOC investigator. The investigator apparently sent the document to Gildo with the notation that "[i]f the above statement is not signed and returned within 10 days, the statement will

---

[3]*Id.* at 157.

[4]*Id.*

[5]FED. R. EVID. 803(8)(C) provides an exception to the hearsay rule for "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

[6]*See McClure v. Mexia I.S.D.*, 750 F.2d 396, 400 (5th Cir. 1985).

[7]*See id.* at 401.

[8]*See Duplantis v. Shell Offshore Inc.*, 948 F.2d 187, 191 (5th Cir. 1991) ("The Robert letter fails under this Rule. It is unsworn, it is not even in the form of an affidavit and gives no indication that Robert is qualified to render opinions on such matters.").

[9]*See* FED. R. CIV. P. 56(e).

4

be considered a true and correct statement." This "signature by default" method is not sufficient to create a sworn statement, as there is no indication that Gildo even *read* this statement, let alone swore to its contents. Echavarria's original declaration to the EEOC suffers from the same inadequacies.

Plaintiffs alternatively argue that Gildo's and Echavarria's statements to the EEOC are admissible as party admissions under Federal Rule of Evidence 801(d)(2)(A), which provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is the party's own statement, in either an individual or a representative capacity." Gildo's statement is dated August 5, 2000, four years after his termination. And Echavarria's initial EEOC statement is dated August, 22, 2000, over a year after his termination. Under the plain language of Rule 801(d)(2)(A), these statements were not the "party's own statement" because Gildo and Echavarria's were not Aramark employees at the times the statements were made. For the foregoing reasons, the district court did not abuse its discretion in refusing to admit certain items from the EEOC file into the summary judgment record.

After the district court had rejected Echavarria's initial statement to the EEOC investigator as inadmissible, the plaintiffs responded by providing a signed affidavit from Echavarria. However, the sworn affidavit was in English, and Echavarria only speaks Spanish. The district court therefore rejected the English affidavit and gave the plaintiff an additional seven days to provide a Spanish version of the affidavit. Plaintiffs did not respond within seven days and thereafter filed this appeal.

On appeal, the plaintiffs argue that the district court should have admitted the English version because the translation did not create an additional layer of hearsay. Plaintiffs rely on *United States v. Cordero*, which held that "[e]xcept in unusual circumstances, an interpreter is no more than a

5

language conduit and therefore does not create an additional level of hearsay."[10] The plaintiffs argue that the circumstances of this case are not "unusual" because Echavarria was merely signing his "own" EEOC statement, which had been translated to him by his attorney, who, it is alleged, is fluent in both English and Spanish.

"In determining whether to treat a translator as a mere language conduit, the [Fifth Circuit] look[s] to: (1) which party supplied the interpreter; (2) whether the interpreter had any motive to mislead or distort; (3) the interpreter's qualifications and language skill; and (4) whether actions taken subsequent to the conversation were consistent with the statements as translated."[11] When applied to the facts of this case, these four factors suggest that the plaintiffs' attorney should not be treated as a "mere conduit." He was acting on behalf of the plaintiffs, and he had a potential motive to distort the translation in his clients' favor. More importantly, the court has no indication of his skill as a translator, other than his own self-supporting claims.[12] Under the test articulated in *Martinez-Gaytan*, the district court's rejection of Echavarria's English affidavit was not an abuse of discretion.

II

Having thus limited the summary judgment record to plaintiffs' admissible evidence, we are left to consider de novo whether plaintiff has established a fact question that can defeat summary judgment.[13] We assume without deciding that the plaintiffs have established a prima facie case of both age and disability discrimination. Aramark responded with a legitimate, non-discriminatory

[10]18 F.3d 1248, 1253 (5th Cir. 1994) (quotations omitted).

[11]*United States v. Martinez-Gaytan*, 213 F.3d 890, 892 (5th Cir. 2000).

[12]*See Hernandez-Garza v. I.N.S.*, 882 F.2d 945, 948 (5th Cir. 1989) (per curiam) ("The language skills of the [translator] were critical if the judge was to admit and give credence to the contents of [the] affidavit.").

[13]*See Curtis v. M&S Petroleum*, 174 F.3d 661, 668 (5th Cir. 1999).

6

reason for Cruz's termination, namely that Cruz violated company policy by authorizing overtime payment for hours not actually worked. The burden then shifted to the plaintiffs to show that Aramark's stated reason was pretext.[14] The plaintiffs argue that Aramark's stated reason was pretext because (1) the payment was actually authorized by Cruz's supervisor, Raul Echavarria, and (2) it was accepted company policy to authorize overtime payment for employees who had received a raise but had not yet received the pay increase resulting from the raise. However, the plaintiffs provide no competent summary judgment evidence that Echavarria actually authorized the overpayment, and the admissible evidence fails to support their claim that authorizing overpayment was accepted company policy.

The plaintiffs primarily rely on deposition testimony from Ana Solano and Octavio Gildo. Solano stated that Raul Echavarria and Ralph Cruz led her to believe that they could authorize payment for hours not worked. As the district court notes, however, this evidence does not establish that it was accepted company practice to authorize payment for unworked hours, nor does it show that Echavarria or Cruz did so on any other occasion. Gildo stated that he heard Saul Dueñas, Cruz's human resource director, make jokes about Cruz's age on a regular basis. However, Gildo's testimony does not raise a fact question on Cruz's ADEA claim because it does not establish that the age-related commentary was related to the decision to terminate Cruz's employment, especially since the comments lack temporal proximity to the decision to terminate Cruz's employment.[15]

---

[14]*See Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam) (burden shifting applied to ADEA claims); *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003) (burden shifting applied to ADA claims).

[15]*See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996).

Plaintiffs also rely on the EEOC determination report. The district court has the discretion to admit the EEOC determination report, but it is not bound by the EEOC's determination of reasonable cause.[16] In this case, the district court admitted the EEOC report but held that the report failed to defeat summary judgment. We agree. An EEOC determination is not sufficient to defeat summary judgment if it is not supported by the summary judgment evidence.[17] In this case, the EEOC determination relies on various statements that are replete with hearsay and are not admissible in court. Because the EEOC's determination is not supported by admissible, competent summary judgment evidence, we hold that it is insufficient to establish a fact question. We AFFIRM the district court's summary judgment.

---

[16]*See McClure v. Mexia I.S.D.*, 750 F.2d 396, 400 (5th Cir. 1985); *see also Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972).

[17]*See Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005) (holding that summary judgment was appropriate when plaintiff failed to set forth sufficient evidence of pretext, despite EEOC's finding of reasonable cause); *see also Wright v. Columbia Women & Children's Hosp.*, 34 Fed. App'x 151 (5th Cir. 2002) (affirming summary judgment against the employee despite an EEOC determination letter that found reasonable cause to believe that the employer had unlawfully discriminated, because the letter was conclusory and not supported by the summary judgment evidence).