# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60302

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2014

Lyle W. Cayce
Clerk

RODNEY MAYES,

Plaintiff – Appellant,

v.

MICHAEL KOLLMAN; KOHLER TRANSPORT, INCORPORATED,

Defendants – Appellees

JERAMIE HICKS,

Plaintiff – Appellant,

v.

MICHAEL KOLLMAN; KOHLER TRANSPORT, INCORPORATED,

Defendants – Appellees

Appeal from the United States District Court for the
Southern District of Mississippi
USDC 3:11-CV-96; 3:11-CV-97

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

In this case, Appellants sued Appellees in district court for damages resulting from a vehicular collision. After a trial, the jury rendered a verdict

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60302

and found that Appellees were not at fault for Appellants' injuries. Appellants now challenge a number of the district court's rulings on appeal. In Appellants' view, the district court improperly excluded testimony favorable to Appellants and allowed prejudicial questions and comments by Appellees' counsel throughout the trial. For the reasons set forth below, we reject each of Appellants' arguments and affirm the district court's judgment.

I.

Appellants and Appellees were involved in a vehicular collision, "a T-bone wreck," at an intersection with a traffic light. When the parties' vehicles collided, Appellee Kollman was driving west into the intersection in a semi-trailer truck. Appellant Hicks was driving north into the intersection in a smaller car, and Appellant Mayes was in the front seat on the passenger's side. During trial, the jury heard conflicting testimony from both Appellants and from Appellee Kollman as to which vehicle entered the intersection against a red light. After Appellants had testified, Appellees' counsel was permitted to cross-examine them about their drug use and criminal history.

The jury also heard testimony from a police officer who was present at the scene of the collision, Officer Nattyo Gray. Because Officer Gray was incarcerated for unrelated reasons at the time of the trial in this case, the jury was shown a videotape of Officer Gray's deposition. Pursuant to Appellees' objection, however, the district court struck certain portions of Officer Gray's testimony and ordered that those portions of the videotape be redacted. In particular, the district court struck Officer Gray's testimony regarding the functioning of traffic signals "triggered by . . . weight sensors" and the "sequence" that guides the traffic lights around the intersection where the parties' vehicles collided. The district court also struck parts of Officer Gray's testimony regarding the statements made by Appellants and Appellee Kollman after the accident.

2

No. 13-60302

The district court did, however, admit Officer Gray's testimony regarding a statement made by Appellee Kollman about his failure to see the traffic light as he entered the intersection: "He said he didn't see the light? Yes, sir." The district court also allowed the jury to hear Officer Gray's eye-witness testimony that, just prior to the accident, all westbound traffic "had stopped . . . [e]xcept for the 18-wheeler" and "[t]he only thing that was moving was the 18-wheeler in the far left lane."

After Officer Gray's videotaped deposition had been presented, Appellants called an expert witness to testify regarding Appellants' medical expenses. During cross-examination, counsel for Appellees asked the expert witness about the possibility that Medicare or Medicaid might pay for certain of Appellants' medical expenses resulting from the collision. Counsel for Appellees also asked the medical expert whether Appellants' attorney was making decisions with respect to Appellants' medical treatment and whether Appellants' attorney "sends you more or less than 10 patients a year." The expert replied, "Yes, there are more than 10 patients that have [the attorney's] name on it."

Later, during closing argument, counsel for Appellees stated that "you can't believe a word [Appellant Mayes] says" because he is "what's wrong with this society. He is a convicted drug dealer. A convicted drug dealer." Then, with reference to Appellants' attorney, counsel for Appellees stated: "That's what it's all about is money. You mean I get hit by an 18-wheeler, oh, it's cash time. . . . He advertises . . . . Well, they're always advertising, *Let's go after the big trucks.*"[1]

---

[1] During voir dire of the jury pool, there were also brief remarks by both parties' attorneys about Appellants' attorney's televised advertising. First, Appellants' attorney himself asked the jury pool: "Does anybody have any adverse feeling toward me because I

No. 13-60302

After closing arguments were concluded, the jury deliberated and returned a verdict finding that Appellees had no liability for Appellants' injuries.  Appellants then filed a motion for judgment notwithstanding the verdict and a motion for a new trial.  The district court denied the motions, and this appeal followed.

## II.

We review a district court's evidentiary rulings for abuse of discretion.[2] A district court abuses its discretion by basing its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence.[3]  Where we find an abuse of discretion in admitting or excluding evidence, we "review the error under the harmless error doctrine, affirming the judgment, unless the ruling affected substantial rights of the complaining party."[4]

## III.

Initially, Appellants challenge the district court's decision to exclude a number of different portions of Officer Gray's videotaped deposition.  None of these challenges can succeed, however.

First, Appellants appear to misunderstand a critical section of the record.  Appellants argue that the district court was wrong to exclude Officer Gray's testimony about Appellee Kollman's statement that he "didn't see the light."  Appellants argue that this testimony should not have been redacted— but, in fact, the district court did not redact this testimony.  As the district

---

advertise?" and "Is there anybody that couldn't give me a fair shake or give my clients a fair shake because I advertise?"  Later, when asking his own questions of the jury pool, Appellees' attorney asked whether those same advertisements "cause any of you to lean towards [his] client as opposed to my clients?  So the fact that I'm not a TV celebrity, you won't hold that against me.  Is that right?"

[2] *United States v. Miller*, 520 F.3d 504, 510 (5th Cir. 2008).

[3] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

[4] *Id.* (citations omitted).

court twice explained during the proceedings, this testimony contained an opposing party's admission, and therefore qualified for a hearsay exception under Rule 801(d)(2)(A) of the Federal Rules of Evidence.[5]   Accordingly, this testimony was deemed admissible and shared with the jury.  Appellants' first challenge must therefore be rejected.

Second, Appellants challenge the district court's decision to exclude portions of Officer Gray's testimony relating to the functioning of traffic signals "triggered by . . . weight sensors" and the "sequence" that guides the traffic lights around the intersection where the parties' vehicles collided.  But as the district court explained, Officer Gray was "not an expert witness" and therefore was not qualified to give opinion testimony on this technical subject.  Because "[e]xpert evidence can be both powerful and quite misleading," a trial court "exercises more control over experts than over lay witnesses" under Rule 702.[6] The trial court exercises latitude particularly in determining "whether or not [an] expert's relevant testimony is reliable" where a witness seeks to give opinion on "'technical,' or 'other specialized' matters."[7]   In our view, the functioning of a traffic light sequence is indeed a technical matter.  But Appellants have given us no reason to believe that the district court abused its discretion in concluding that Officer Gray lacked the qualifications to testify on this subject.  Accordingly, Appellants' second challenge also cannot succeed.

Finally, Appellants argue that the district court should not have excluded (1) Officer Gray's recollections about the parties' statements after the

---

[5] *See Turner v. Upton Cnty., Tex.*, 967 F.2d 181, 186 (5th Cir. 1992); *see also Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 333 (5th Cir. 2007).

[6] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993).

[7] *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 152 (1999) (quoting Fed. R. Evid. 702) (emphasis omitted); *see also Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).

collision and (2) Officer Gray's recollection that Appellees' vehicle entered the intersection before the other westbound traffic. But whether or not the district court abused its discretion by redacting this testimony, Appellants' argument must be rejected. All of this testimony was cumulative with admitted testimony and, as this court has held in several previous cases, "[t]he exclusion of cumulative testimony" constitutes harmless error.[8]

As was demonstrated by the parties' testimony at trial, each party thought that they had the green light when they entered the intersection. This testimony matched Officer Gray's recollection of the parties' statements immediately after the collision. The district court also allowed the jury to hear a portion of the videotaped deposition where Officer Gray explained that, just prior to the accident, all westbound traffic "had stopped . . . [e]xcept for the 18-wheeler" and "[t]he only thing that was moving was the 18-wheeler in the far left lane." Had the jury been allowed to hear other portions of the tape where Officer Gray repeated this observation, such testimony would have been duplicative. Accordingly, even if any of these redactions constituted an abuse of the district court's discretion, reversal is not warranted because the redaction of cumulative testimony does not affect a party's substantial rights and is not a basis for reversal.[9]

## IV.

Appellants also argue that the district court abused its discretion by permitting a number of arguably inflammatory and prejudicial comments to

---

[8] *Sanford v. Johns-Manville Sales Corp.*, 923 F.2d 1142, 1148 (5th Cir. 1991); *see also Contogouris v. Pac. W. Res., L.L.C.*, 12-30870, 2013 WL 6623552, at *5 (5th Cir. Dec. 17, 2013) ("[A]ny error in refusing to admit the e-mails was harmless, as the accusations in the e-mails were merely cumulative of other evidence presented to the jury."); *Reilly v. TXU Bus. Servs. Co.*, 485 F. App'x 731, 735 (5th Cir. 2012) ("Therefore, even if the district court erred in excluding testimony . . . , it did not affect [the appellant's] substantial rights because it was cumulative of other testimony.").

[9] *See Sanford*, 923 F.2d at 1148; *Contogouris*, 2013 WL 6623552, at *5.

No. 13-60302

be made by Appellees' attorney during trial.  None of these challenges, however, are persuasive.

First, Appellant Hicks—the driver of Appellants' car—was asked on cross-examination whether he was smoking marijuana on the day of the collision, which he denied.  Counsel for Appellees then impeached Appellant Hicks with a prior statement that he had made to a nurse that, in fact, he smokes marijuana "every day."  Because "every day" necessarily includes the day of the collision, this statement was relevant to whether the driver was or was not driving under the influence of marijuana on that day.  It was therefore admissible as a relevant party admission under Rule 801(d)(2)(A).[10] Accordingly, the district court did not abuse its discretion by permitting the question regarding this prior statement.

Second, Appellant Mayes was asked on cross-examination to confirm his criminal history of drug felonies, including possession with intent to distribute. Under Rule 609(a)(1), evidence of such a conviction "must be admitted, subject to Rule 403" for the purpose of impeaching a witness.[11]  As we have previously held in an unpublished case, *Eugene v. Mormac Marine Transport, Inc.*, 48 F.3d 529, at *2 (5th Cir. 1995), where "[t]he resolution of [a] case depended largely on [a party's] credibility," the impeachment value of a recent drug conviction was "significant" and was "not sufficiently outweighed by the potential for prejudice to justify exclusion."  In the present case, therefore, the district court did not abuse its discretion by permitting questions about Appellant Mayes' drug convictions or counsel's argument that "you can't believe a word [Appellant Mayes] says" because he is "a convicted drug dealer."

Third, Appellants argue that counsel for Appellees prejudicially

---

[10] *See Turner*, 967 F.2d at 186; *see also Cruz*, 213 F. App'x at 333.

[11] *See United States v. Jefferson*, 623 F.3d 227, 234 n.10 (5th Cir. 2010).

7

No. 13-60302

described Appellants' attorney during closing argument as an attorney who is "always advertising" and telling his clients that a vehicular collision is "cash time." Indeed, it is highly inappropriate for a lawyer to make personal attacks on opposing counsel during any stage of litigation.[12] Whether or not Appellants' attorney chooses to advertise to promote his practice is obviously irrelevant to Appellees' possible liability for the injuries that Appellants suffered during the collision. Remarks such as those made by Appellees' counsel certainly have the potential to be prejudicial or inflammatory. However, as this court held in *United States v. Hernandez-Guevara*, 162 F.3d 863, 874 (5th Cir. 1998), we owe "some deference to the district court's determination regarding the prejudicial or inflammatory nature" of comments that attorneys make during closing argument. Having considered each of the very brief comments made by Appellees' counsel during closing argument in light of the entire trial record, we do not find that these remarks rose to the level of harmful error in the present case.[13]

---

[12] *See United States v. Young*, 470 U.S. 1, 9 (1985) (observing that "inflammatory attacks on the opposing advocate" have "no place in the administration of justice and should neither be permitted nor rewarded; a trial judge should deal promptly with any breach [of this rule] by either counsel"); *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (describing "*ad hominem* attacks on opposing counsel" as "offensive" and as a potential basis for sanctions); *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1308 (11th Cir. 2002) (per curiam) ("We conclude that an attorney who submits . . . *ad hominem* attacks directed at opposing counsel is subject to sanction under the court's inherent power to oversee attorneys practicing before it.").

[13] Likewise, we find no basis for reversal resulting from the brief discussion of the attorney's televised advertisements during voir dire of the jury pool. In general, the trial court has broad discretion over the scope of voir dire under Rule 47 of the Federal Rules of Civil Procedure. *Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 257 (5th Cir. 1985); *see also Perry v. Wal-Mart Stores, Inc.*, 210 F.3d 369, at *3-4 (5th Cir. 2000) (unpublished). In the present case, the district court ruled even-handedly that advertising was "a legitimate issue for voir dire," so long as neither side "cast[s] aspersions," because prospective jurors' thoughts on advertising attorneys "could be favorable or unfavorable." Accordingly, Appellants have failed to demonstrate that the district court abused its discretion during voir dire of the jury pool.

No. 13-60302

Finally, Appellants argue that the jury was improperly exposed to comments by Appellees' counsel regarding "collateral sources" of money to pay Appellants' medical expenses. That is, counsel for Appellees asked witnesses whether Medicaid, Medicare, or Appellants' own attorney was already paying or could possibly pay Appellants' medical expenses. In some cases, such comments and questions—if relied upon by a finder of fact during a calculation of damages—may well violate the "collateral-source rule" of Mississippi tort law. Under this rule, "a tortfeasor cannot use the moneys of others . . . to reduce the cost of its own wrongdoing."[14]

But whether or not the district court abused its discretion with respect to this evidence, Appellants have not demonstrated how this evidence affected the parties' substantial rights in this case. Here, because the jury found that Appellees were not liable for Appellants' injuries, the jury was never required to calculate damages. The jury therefore never engaged in the mitigation of damages that is prohibited by Mississippi tort law. As for the jury's conclusion regarding Appellees' lack of liability, Appellants do not explain how that conclusion was affected by the questions regarding Medicaid, Medicare, or other sources of payment for Appellants' medical expenses. In the absence of any such explanation, therefore, Mississippi's collateral-source rule provides no basis to reverse the district court.

Accordingly, because none of the arguably inflammatory comments and questions by Appellees' attorney gave rise to harmful error, the district court's judgment must be upheld.[15]

---

[14] *See McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 581 (Miss. 2011) (citation and internal quotation marks omitted); *Wal-Mart Stores, Inc. v. Frierson*, 818 So. 2d 1135, 1139 (Miss. 2002).

[15] Appellants have also suggested several times that the district court erred by denying Appellants' motion for judgment notwithstanding the verdict and motion for a new

No. 13-60302

V.

For the reasons set forth above, the district court's judgment is AFFIRMED.

AFFIRMED.

---

trial.  As formulated by Appellants, however, this is not an independent argument based on a verdict contrary to "the great weight of the evidence" that was actually presented to the jury.  *See Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 497 (5th Cir. 2002).  Rather, Appellants suggest that these post-trial motions should have been granted based on the record that would have existed had the district court's other evidentiary rulings been correct.  We have, however, upheld all of the district court's evidentiary rulings.  To the extent that Appellants intended to raise any other challenge to the denial of their post-trial motions, the failure to brief any supporting argument constitutes an abandonment of this challenge.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also United States v. King*, 521 F. App'x 350, 351 (5th Cir. 2013); *Wilburn v. Town of Crawford*, 244 F.3d 137 (5th Cir. 2000) (per curiam).