# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30308
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2016

Lyle W. Cayce
Clerk

TOWANA CARR,

       Plaintiff–Appellant,

v.

SANDERSON FARMS, INCORPORATED,

       Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2488

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

       Towana Carr appeals the district court's grant of summary judgment in favor of Sanderson Farms, Inc. (Sanderson), and accompanying dismissal of her Title VII claim against Sanderson. We affirm.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30308

## I

We review the facts in the light most favorable to Carr, the nonmovant. Carr, a white female, and Kevin Webb, an African-American male, were both employed by Sanderson Farms (Sanderson), working the same shift in the same division. Webb was in a relationship with Carr's cousin, and the two had a child. Carr's attempt to intercede in a domestic dispute between Webb and Carr's cousin led Webb to threaten Carr outside of work. The incident resulted in the filing of a police report, and Carr notified her supervisors at Sanderson that she did not feel safe around Webb. Sanderson took no action at that time because the incident did not occur on company property. Approximately three weeks later, as Carr returned from a lunch break, Webb struck Carr twice with a pallet jack. Carr believed the incident was motivated by the dispute between Webb and Carr's cousin. Sanderson undertook an investigation of the incident and terminated both Webb and Carr for gross safety violations.

Carr filed a complaint with the District Office of the Equal Employment Opportunity Commission based on racial discrimination and received a right-to-sue letter. This lawsuit followed, in which Carr initially alleged that Sanderson fired her because most of the workforce at Sanderson is African-American, and that the African-American employees "would not [have] tolerate[d]" the firing of only Webb. Sanderson moved for summary judgment under Rule 56(a). The district court granted the motion and dismissed the case. Carr appeals.

## II

The nature of Carr's claim has changed over the course of the litigation. The initial complaint alleged a Title VII violation for discrimination on the basis of race. Then, in response to Sanderson's summary judgment motion, Carr argued a combination of sex- and race-based discrimination and a failure to remedy a hostile work environment. On appeal, Carr argues that (1) Webb

No. 16-30308

was treated more favorably than Carr given his prior attendance record and criminal history, and (2) that Sanderson did not appropriately respond to Carr's safety concerns.

We proceed assuming that Carr is making two claims: a hostile work environment claim and a race- and/or sex-based discriminatory action claim. To the extent that Carr is advancing a claim other than one under Title VII, we do not address it, as it was not presented to the district court.[1]

## III

Title VII protects individuals from discrimination by an employer based on the "individual's race, color, religion, sex, or national origin."[2] For a race-based claim, a plaintiff in a Title VII action must "establish[] a prima facie case of racial discrimination."[3] A prima facie case requires a showing that the plaintiff (1) was a member of a protected class; (2) was qualified for the position at issue; (3) was the subject of an adverse employment action; and (4) was treated less favorably than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.[4] The elements are the same for a prima facie case of sex discrimination.[5] If a plaintiff makes a prima facie case, the defendant must then provide a legitimate, nondiscriminatory reason for the complained-of action.[6] If the defendant meets this burden, "the onus shifts back to the plaintiff" to provide substantial evidence that the given reason is merely pretext or that the stated

---

[1] *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996) ("[T]he Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.").

[2] 42 U.S.C. § 2000e-2(a)(1).

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[4] *Paske v. Fitzgerald*, 785 F.3d 977, 985 (5th Cir. 2015).

[5] *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

[6] *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013).

reason "is only one of the reasons . . . and another 'motivating factor' is the plaintiff's protected characteristic."[7]

Carr has made a prima facie case that she is a member of a protected class,[8] that she was qualified for the position she held, and that she was subject to an adverse employment action—namely, being terminated.  However, Carr offers no factual support for the proposition that she was treated less favorably than similarly situated non-white workers at Sanderson.  She does not point to any other individual who was treated more favorably.  In fact, the only other individual identified in the lawsuit who committed a gross safety violation, Webb, was also terminated.  Carr repeatedly references Webb's criminal background and attendance records, though without explaining the relationship to the termination decision.  At any rate, Carr also had a criminal record and frequent attendance violations.  Carr has failed to allege facts sufficient to support an inference that she was treated less favorably than a similarly situated employee who was not a member of the class.  Accordingly, the district court's grant of summary judgment was proper.

Even assuming that Carr had met her burden to make out a prima facie case of discrimination, she has failed to show that Sanderson's reason for termination—commission of a gross safety violation—was pretextual.  This court has recognized that safety concerns are a legitimate basis for taking adverse employment action.[9]  Sanderson's investigation showed that Carr had

---

[7] *Id.* (quoting *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011)); *accord Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402-03 (5th Cir. 2001).

[8] *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 278-79 (1976) (explaining that Title VII claims "are not limited to discrimination against members of any particular race").

[9] *See McCoy v. City of Shreveport*, 492 F.3d 551, 561-62 (5th Cir. 2007) (holding that the city's concerns for an officer's safety and the safety of others was a legitimate basis to take the officer's gun); *see also Spencer v. Schmidt Elec. Co.*, 576 F. App'x 442, 451 (5th Cir. 2014) (per curiam) (noting that the violation of a "zero-tolerance" safety policy sufficed as a legitimate, nondiscriminatory basis for termination); *Morrison v. Weyerhaeuser Co.*, 119 F.

committed a gross safety violation, which, according to company policy, was grounds for immediate termination.

Carr alleges only that African-American employees "would not tolerate" it if only Webb were fired, and that Carr's termination was undertaken "to keep peace in the plant." Carr did not provide any supporting facts in her deposition testimony, other than her own feelings, flatly stating "I don't have any facts" in response to questioning about the basis for her claim of racial bias. There is likewise no evidence in the record to suggest her termination was based on her sex. "[A] subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief."[10]

Mere "conclusory allegations, speculation, and unsubstantiated assertions," without more, are insufficient to satisfy the non-movant's burden at the summary judgment stage.[11] Even if Carr had made a prima facie case for racial or sex-based discrimination, she has failed to meet her burden of presenting substantial evidence that Sanderson's decision to terminate her for a gross safety violation was pretextual.

## IV

Courts also recognize a Title VII violation when discrimination based on membership in a protected class creates a hostile or abusive work environment.[12] In order to establish a hostile working environment, a plaintiff must prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was

---

App'x 581, 585 (5th Cir. 2004) (determining that four safety violations on the same day provided a sufficient, non-discriminatory reason for the employee's termination).

[10] *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999) (per curiam) (quoting *Elliot v. Grp. Med. & Surgical Serv.*, 714 F.3d 556, 567 (5th Cir. 1983)).

[11] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc)).

[12] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986); *Ramsey*, 286 F.3d at 268.

No. 16-30308

based on membership in a protected class; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.[13]  A bare allegation of harassment, unrelated to membership in any protected class, cannot form the basis of a Title VII claim.

Carr's claim of harassment centers on Webb's threat to Carr's safety and Sanderson's failure to take any remedial action.  Carr points out that Sanderson was aware of Webb's criminal history, propensity for violence, and his threat against Carr.  Carr claims she "worked in fear" of Webb for three weeks.

Though we do not diminish the reality of the threat Carr may have perceived, she has failed to allege facts that suggest any harassment she encountered at work was based on her membership in any protected class.  As mentioned above, she has consistently contended that Webb's actions were based on his relationship with Carr's cousin, not on Carr's race or sex.  Further, Carr reported Webb's threat to Sanderson, but did not provide Sanderson with any suggestion that the conduct was based on race or sex.  We do not address any general duty Sanderson might have had toward Carr, because Title VII speaks to discrimination claims, and Carr fails to show any failure on Sanderson's part to take action to address any allegations of discrimination at its plant.  Even if Carr is correct that Sanderson should have fired Webb prior to the pallet jack incident, mere failure to follow internal procedures does not alone create a triable issue of fact as to discriminatory motive.[14]  Carr must

---

[13] *See Ramsey*, 286 F.3d at 268 (providing the elements for a race-based hostile work environment claim); *Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001) (per curiam) (listing the same elements for a sex-based claim of a hostile work environment).

[14] *See Grubb v. Sw. Airlines*, 296 F. App'x 383, 390 (5th Cir. 2008) (per curiam) ("Failure to follow internal procedures is generally not enough to create a genuine issue of fact as to discriminatory motives."); *Moore v. Eli Lilly & Co.*, 990 F.2d. 812, 819 (5th Cir.

show some nexus between the challenged actions and her membership in a protected class.[15]

Further, Carr has not alleged any facts to support her allegation that Webb's threat in any way altered the conditions of her employment prior to the pallet jack incident. Though one incident may be sufficient to show a hostile work environment,[16] Carr has admitted that Webb's attack was not based on her race, but rather on her intervention in a domestic dispute outside of work. Thus, if Carr is pursuing a hostile work environment claim under Title VII, she has failed to carry her initial burden of establishing a prima facie case.

\*     \*     \*

For the foregoing reasons, the judgement of the district court is AFFIRMED.

---

1993) (noting that, in the ADEA context, the fact that an employer did not follow internal termination procedures is not evidence of bias merely because the employee was over forty).

[15] *See Moore*, 990 F.2d at 819.

[16] *See EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399-400 (5th Cir. 2007) (explaining that the more severe the incident of harassment, the fewer needed to make a showing of a hostile work environment).