# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20374
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2020

Lyle W. Cayce
Clerk

CURTIS WIGGINS,

Plaintiff - Appellant

v.

GOLDEN CORRAL CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-573

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Curtis Wiggins brought a state-law defamation claim and a failure-to-promote claim under Title VII against the defendant, Golden Corral Corporation. The district court granted summary judgment in favor of Golden Corral on both claims. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20374

We review a summary judgment de novo, applying the same standards as the district court. *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 406 (5th Cir. 2016). Summary judgment is appropriate when, viewing all facts in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

I.

To prevail on a defamation claim in Texas, a private plaintiff must show that (1) the defendant published a statement about the plaintiff, (2) the statement was defamatory, and (3) the defendant acted negligently regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). "Publication occurs if the defamatory statements are communicated orally, in writing, or in print to some third person who is capable of understanding their defamatory import and in such a way that the third person did so understand." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017) (cleaned up).

Wiggins fails to point to any evidence of publication by Golden Corral of any allegedly defamatory statements. He testified that he was unaware of anyone—other than attorneys he was looking to potentially hire—who had seen the internal forms he claims contain defamatory material. Further, he testified that he is unaware of anyone to whom a Golden Corral employee published allegedly defamatory statements. He testified that he is unaware of any Golden Corral employee who has ever spoken to anyone outside of the organization regarding Wiggins' employment there at all—when asked if he was "aware of anybody that Golden Corral has told why you're not working at Golden Corral anymore," Wiggins responded, "No." In fact, he testified that he is unaware of "anybody employed at any time by Golden Corral . . . who has

2

No. 19-20374

said *anything* about [him] to *anybody*." Wiggins' deposition makes it clear that he has no evidence of publication of any allegedly defamatory statement.

Wiggins nevertheless seeks to establish publication by arguing that, when he applies for new employment, he is required to disclose on applications that he was fired for cause by Golden Corral. This theory of compelled self-disclosure has been squarely rejected by the Supreme Court of Texas. *See Rincones*, 520 S.W.3d at 529 ("[T]he publication element of a defamation claim cannot be satisfied by a theory of 'compelled' self-disclosure and there is no independent cause of action for compelled self-defamation."). We therefore hold that Wiggins has failed to establish publication, a necessary element of his defamation claim. *See WFAA-TV, Inc.*, 978 S.W.2d at 571. The district court correctly granted summary judgment in favor of Golden Corral.[1]

II.

Before filing a claim under Title VII in federal court, plaintiffs must first "exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission" within a statutorily mandated time period. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018), *aff'd sub nom. Fort Bend Cty. v. Davis* --- U.S. ---, 139 S. Ct. 1843 (2019). Administrative exhaustion for Title VII claims is mandatory (but not jurisdictional), *see* 139 S. Ct. at 1851, and courts will dismiss claims not properly exhausted, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

---

[1] The operative complaint is Wiggins' first amended complaint. Wiggins filed multiple other proposed amended complaints, but the court denied him leave to file those documents. Assuming—but not deciding—that Wiggins has sufficiently raised this issue for our consideration, he fails to show on appeal that the decisions by the district court to deny his motions for amended pleadings amount to an abuse of discretion. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("A district court's denial of a motion for leave to amend a pleading is subject to review for abuse of discretion.").

No. 19-20374

Wiggins filed a charge with the EEOC shortly after his termination. But the charge does not assert any claim based on a failure to promote. Rather, it asserts that other workers received more favorable schedules, that they were given food while on the clock, and that Ms. Pena (the general manager) treated black employees in a "tyrant-like manner." The charge also alleges that Wiggins was ultimately terminated because of his race. Nowhere in the charge did Wiggins claim that he was not promoted because of his race. The failure-to-promote theory did not appear until Wiggins' First Amended Complaint, filed August 28, 2018. We hold that Wiggins failed to administratively exhaust his failure-to-promote claim. *See Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) ("Ordinarily, an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not reasonably be expected to grow out of the charge of discrimination." (cleaned up)). The district court therefore properly granted summary judgment in Golden Corral's favor.

Even if he had properly exhausted the claims, Wiggins fails to show that Golden Corral's proffered justifications for the challenged hiring decisions were pretextual or that his race was a "motivating factor" in the decision. In failure-to-promote cases, if a plaintiff makes a prima facie showing of discrimination, the burden shifts to the defendant to show that the employment decisions were made for legitimate, non-discriminatory reasons. *See Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013). If a defendant offers sufficient reasons, the burden shifts back to the plaintiff to show that (1) the reasons are either a pretext for discrimination, or (2) the reasons, even if true, were only one reasons for the employment decision, "and another motivating factor is the plaintiff's protected characteristic." *Id.* (cleaned up).

Here, Golden Corral offered at least one legitimate, non-discriminatory reason for its decision to hire others as general managers of the restaurant

No. 19-20374

instead of promoting Wiggins: he was not qualified.[2] Golden Corral's policy requires that a Hospitality Manager work as a Kitchen Manager as well before being qualified for promotion to General Manager. Wiggins worked only as a Hospitality Manager and had never worked as Kitchen Manager. Armendariz and Pena, who were hired as General Managers at the same restaurant at which Wiggins worked, both had relevant experience as general managers of comparable restaurants. Wiggins fails to establish that this proffered reason was actually a pretext for discrimination or even that race was a motivating factor in the challenged employment decisions. For this additional reason, summary judgment in Golden Corral's favor was appropriate.

### III.

Finally, we briefly address Wiggins' contention that the case was moot and summary judgment was therefore improper. Wiggins appears to argue that Golden Corral's summary judgment motion was mooted by his filing of motion for leave to file an amended complaint. This is incorrect. The operative pleading in this case was Wiggins' first amended complaint. That pleading contained two claims: defamation and failure to promote under Title VII. The district court denied all of Wiggins' requests for leave to file amended complaints. Wiggins does not explain how any of this somehow rendered the summary judgment motion (or the case) moot.

AFFIRMED

---

[2] For purposes of this analysis, we assume, without deciding, that Wiggins satisfied his prima facie burden.

5