# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10787

_____

Keishonna Harper,

*Plaintiff—Appellant*,

*versus*

Lockheed Martin Corporation,

*Defendant—Appellee*.

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2024

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-571

_____

Before Jolly, Southwick, and Oldham, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:[*]

In July 2020, Plaintiff Keishonna Harper resigned from her job at Defendant Lockheed Martin Corporation ("Lockheed"). She soon filed this lawsuit alleging race and sex discrimination, in violation of Title VII and § 1981. She also claimed unlawful retaliation, in violation of Title VII and the Family Medical Leave Act ("FMLA"). The district court granted summary

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10787

judgment for Lockheed on all claims and denied Harper's motion for reconsideration. Harper appeals, we AFFIRM.

I.

Harper is an African American woman who worked as a Contracts Negotiation Manager at Lockheed's Fort Worth, Texas facility. Almost immediately after assuming the position, issues developed between her and her subordinates and supervisors. Four such conflicts underlie her claims before us.

*First*, Harper contends that in 2018, her white and male subordinates were disrespectful and insubordinate. She later argued that they behaved in this way because she was a woman of color.

*Second*, Harper alleges that Terry Ford, the Director of Contracts Negotiation at Lockheed, made unjustified comments to her in an informal 2018 feedback session. Ford was not Harper's direct supervisor at the time. Nevertheless, he met with Harper concerning complaints he had heard from Harper's subordinates. Ford chided her for cursing at work. He later told her that he would not be giving such feedback if Harper were a man.[1] Ford further said that Harper had had "a conversation with a female . . . employee about being a woman of color in corporate America." He added, "[w]e all see what you look like. You don't have to tell people." He admonished her, as a supervisor, she should have these conversations with professionals and not out in the open. Harper reported this conversation to HR in 2019 and again in early 2020.

---

[1] Although the parties dispute the precise phrasing of this quote, we view the record in the light most favorable to Harper. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

*Third*, in early 2020, during a performance review, Harper was told by a supervisor that she needed to be in the office more. Harper, believing that the comments were about her FMLA leave, reported the comments to HR.

*Fourth*, again in early 2020, Harper learned that a non-supervisory subordinate noticed that Harper was absent on Martin Luther King Jr. day and told another non-supervisory coworker, "I know why she's really out. It's MLK day." Harper, after having been told of the comment, reported the comment to HR. HR suggested that Harper have a conversation with the entire team about Title VII and appropriate workplace comments.

In the midst of Harper's complaints about workplace conduct of others, management was having its trouble with Harper herself. In March of 2020, Lockheed opened an EEO investigation into Harper's inappropriate sexual comments in the workplace. The investigation then led to a separate inquiry into Harper's leadership abilities. When the two investigations concluded, Lockheed's disciplinary review board suspended Harper without pay for two weeks and transferred her to a new position without leadership responsibilities. After her suspension, Harper resigned, filed an EEOC charge, and then filed this suit.

## II.

Harper has brought three claims that we consider today: (1) race and sex discrimination under Title VII and § 1981;[2] (2) retaliation under Title VII; and (3) retaliation under the FMLA. This case did not go to trial. Instead, the district court granted Lockheed's motion for summary judgment and dismissed Harper's complaint.

---

[2] Since both Title VII and Section § 1981 follow the same framework here, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005), we refer to both claims collectively as "discrimination claims."

The district court held that Harper failed to show that she had suffered an adverse employment action. Although Harper had argued in her briefing that she unlawfully was demoted and constructively discharged, the district court concluded that Harper had waived these discrimination claims. Specifically, it noted that, at Harper's deposition, Lockheed asked Harper to identify the company actions that were because of race and sex. Harper responded that Lockheed acted discriminatorily when it failed to respond to her complaints, when it treated her white colleagues' leave of absences differently from her leave of absences, and when Ford gave her feedback about cursing. Lockheed then asked if there were any other company actions that would not have happened if Harper were a different race or sex. Harper said, "Not that I can think of at the moment." Since Harper said nothing about demotion or constructive discharge in these responses, the district court concluded that her omissions "narrowed" her discrimination claims. It thus assumed she had waived any discrimination claims based on demotion or constructive discharge. The district court further concluded that the complaints that Harper *did* assert were not cognizable adverse employment actions under our precedent. The bottom line: the court held that Harper had failed to present a prima facie case of race and sex discrimination.

In dismissing the Title VII retaliation claims and the FMLA retaliation claims, however, the district court's reasoning was aimed at the merits: it held that Harper did not present any evidence regarding causation or pretext. The court thus granted summary judgment dismissing the complaint and entered judgment accordingly.

Harper moved for reconsideration, which was denied. Harper has appealed.

III.

We review summary judgments *de novo*. *Hudson v. Lincare, Inc.*, 58 F.4th 222, 228 (5th Cir. 2023). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "'All reasonable inferences' must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in that party's favor." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021).

This appeal can be organized into three buckets: (1) Harper's race-based and sex-based discrimination claims, (2) her Title VII retaliation claims, and (3) her FMLA retaliation claims. We will first address the race and sex discrimination claims and next, the FMLA retaliation claims. Finally, we will turn to the Title VII retaliation claims.

IV.

We begin with Harper's discrimination claims, in which she alleges that Lockheed demoted, then constructively discharged her, based upon her race and sex. The district court dismissed these claims, reasoning, as we have said, that (1) Harper "narrowed" her discrimination claims by her deposition testimony and (2) Harper's remaining claims were not cognizable adverse employment actions because they were not "ultimate employment decision[s]" under our precedent.

With respect to "narrowing her claims," she asserts that Lockheed constructed a "gotcha" moment at her deposition by asking her to specify what actions constituted her discrimination claims. Her response allowed Lockheed to seize upon her failure to include other specific complaints. Lockheed responds that Harper should be taken at her word, especially because there was no objection or correction to this testimony made by her or her lawyers, either at the deposition or thereafter.

Irrespective of whether the district court may have been incorrect in finding that Harper had narrowed her discrimination claims, we need not further address this issue because Harper failed to contest the "narrowing" issue before the district court.[3]   Thus, her failure to challenge the "narrowing" in the district court results in forfeiture. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

All that remains, then, are the two discrimination claims Harper asserted in her deposition: (1) the claim that Lockheed failed to thoroughly investigate and take appropriate actions related to the complaints she made internally regarding racist and sexist comments and (2) the claim that Lockheed improperly reprimanded her for failing to be in the office. The district court granted summary judgment on these claims because the claims were not "ultimate employment decisions" as required under our precedent at the time. *See McCoy v. City of Shreveport*, 429 F.3d 551, 559 (5th Cir. 2007). This analysis, however, was overruled in *Hamilton v. Dallas County*, 79 F.4th 494, 497 (5th Cir. 2023) (en banc).[4]

───────────────────────

[3] Harper had numerous opportunities to object to the "narrowing" argument in the district court. There was no effort of Harper's attorneys to clarify her response through further examination at her deposition. They simply let her answer stand as given with no indication that it was incorrect. At summary judgment, Lockheed argued that Harper had narrowed her claims. Harper, again, did not object to Lockheed's argument. The district court then dismissed Harper's discrimination claims, noting that Harper had narrowed her claims at her deposition. Even after the district court entered final judgment, Harper still raised no objection to the district court's narrowing holding. This is all to say: Harper had ample opportunity to object to the "narrowing" argument before the district court in order to allow it to correct its alleged error but failed to do so at any point of the proceedings.

[4] Specifically, *Hamilton* eliminated the requirement that a discrimination claim must be premised upon an "ultimate employment decision." 79 F.4th at 499–502. Rather, an adverse employment action need only be "discrimination in the terms, conditions, or privileges of employment." *Id.* at 501 (internal quotations and citation omitted).

Notwithstanding this intervening authority, summary judgment on Harper's discrimination claims was still proper.  To properly establish a prima facie case of discrimination, Harper must show that she: (1) is a member of a protected class, (2) was qualified for the position that she held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of her protected class.  *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).  Based on the record before us, Harper failed to prove that she was treated less favorably than others similarly situated outside of her protected class or provide evidence that her employer took the adverse actions because of her protected-class status.  *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017); *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2013).  Harper therefore cannot establish a prima facie case of discrimination, and summary judgment was appropriate.  *See Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001) ("We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." (internal citation omitted)).

Accordingly, we AFFIRM the summary judgment for Lockheed on her discrimination claims.

## V.

We now move to the FMLA retaliation claims.  Although Harper has dedicated a section of her opening brief to "retaliation", her retaliation arguments are centered on her Title VII retaliation claims.  Her brief refers to the FMLA only in two passing references.  Harper thus has forfeited her FMLA claims by failing to present any supporting arguments.  *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (holding that a "passing reference" to a claim in a

brief is insufficient).    We therefore AFFIRM the grant of summary judgment on the FMLA retaliation claims.

## VI.

All that remains for us to decide is Harper's Title VII retaliation claim. To establish a prima facie case of Title VII retaliation, Harper must show that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)).    Protected activity, as relevant here, includes "oppos[ing] any practice made an unlawful employment practice by this subchapter", 42 U.S.C. § 2000e-3(a), *i.e.*, "the opposition clause" which creates a safe harbor of protection for those who would speak or act against unlawful discrimination.

Harper contends that she engaged in protected conduct under the opposition clause by complaining to HR about: (1) Ford's improper comments during the 2018 feedback session; (2) the MLK day comment made by a subordinate; (3) her subordinates' 2018 insubordination and disrespect, which allegedly was race- and sex-based; (4) unspecified "racism, sexism, disrespect and insubordination"; and (5) her supervisor's comments about her being out of the office too much.    Harper argues that these events are protected activity because it is sufficient for her to "communicat[e] with [HR] about discrimination."    Lockheed argues that Harper has not shown

that any of her claims rise to the level of activity or conduct protected by Title VII.[5]

Harper views the standard in terms too general. The opposition clause requires Harper to show that she opposed *unlawful* employment practices. 42 U.S.C. § 2000e-3(a). In other words, she must have opposed conduct that is discriminatory or offensive in a way that violates federal antidiscrimination law. Harper has not satisfied that threshold here because she has not shown that these complaints are connected to race or sex animus. At best, the comments Harper alleges fall into the category of isolated incidents that do not rise to the level of Title VII discrimination. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (per curiam) (noting that "offhand comments" and "isolated incidents," unless extremely serious, are not unlawful under Title VII). Other incidents that she reported also have no context that show these incidents to be unlawful discrimination. *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (stating that "unsubstantiated assertions" are insufficient to avoid summary judgment). In sum, Harper has failed to show that she opposed an unlawful employment practice under Title VII.

Since Harper has not shown that she engaged in protected conduct, she has failed to make a prima facie case. In short, we AFFIRM the dismissal of the Title VII retaliation claims.

---

[5] Although the district court did not reach this issue, "we may affirm on any ground supported by the record." *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) (internal quotations and citation omitted).

No. 22-10787

## VII.

Based on the foregoing reasons, we hold that the district court did not err in granting summary judgment in favor of Lockheed.  Accordingly, the judgment dismissing Harper's compliant is

AFFIRMED.